IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



FILED
NOV 1 5 2016
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA

v.

KITTRIDGE COFFEY,

Defendant.

CRIMINAL NO. 2:16CR54

## OPINION

On November 10, 2016, this Court sentenced Kittridge Coffey ("Defendant") to a term of imprisonment of 48 months. This judgment represents a downward variance from the Sentencing Guidelines. This opinion elaborates on the Court's reasons for this downward variance and is to be filed simultaneously with the sentencing judgment order.

### I. FACTUAL AND PROCEDURAL HISTORY

On April 6, 2016, Defendant was named in a four-count Indictment. ECF No. 3. Counts One through Three charged Defendant with Distribution of Images of Minors Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(2). Count Four charged Defendant with Possession of Images of Minors Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252A(a)(4)(B). On July 7, 2016, Defendant appeared before this Court and pled guilty to Count Four, pursuant to a written plea agreement with the Government. ECF No. 16.

The Presentence Report ("PSR") prepared by the Probation Office determined that Defendant's total offense level was 33. ECF No. 25, at 15–16. This offense level incorporates several enhancements that substantially raised the offense level above the base offense level of

18. Defendant received enhancements for (1) material involving a prepubescent minor, +2 (pursuant to U.S.S.G. § 2G2.2(b)(2)); (2) distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain, +5 (pursuant to U.S.S.G. § 2G2.2(b)(3)(B)); (3) material that portrays sadistic or masochistic conduct or other depictions of violence, +4 (pursuant to U.S.S.G. § 2G2.2(b)(4)); (4) the use of a computer, +2 (pursuant to U.S.S.G. § 2G2.2(b)(6)); and (5) having more than 600 images, +5 (pursuant to U.S.S.G. § 2G2.2(b)(7)(D)). Id. at 8. For purposes of guideline calculations, each video in the possession of Defendant is counted as 75 images. USSG § 2G2.2, Application Note 4(B)(ii). The PSR determined that Defendant had 1,923 images in his possession. Id. at 16.

Because Defendant had a criminal history score of zero, his criminal history category was determined to be I. Id. With a total offense level of 33 and a criminal history category of I, the Guidelines recommended a sentence of 135 to 168 months. Id. at 15. A sentencing hearing was held on November 10, 2016.

## II. DISCUSSION

To determine an appropriate sentence, this Court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." Nelson v. United States, 555 U.S. 350, 351 (2009).

### A. THE SENTENCING GUIDELINES

The Sentencing Guidelines covering the non-production of child pornography seem to solely be concerned with the seriousness of the offense and the need for deterrence. However, this appears to be at the expense of differentiating between prototypical non-production child pornography offenses and more egregious offenses involving production of child pornography. Section 2G2.2 of the Guidelines requires this Court to significantly increase Defendant's base

offense level of 18 because of several enhancements—many tied to the technology used in the offense—that now apply in the vast majority of cases of possession, receipt, or distribution of child pornography. This is especially so now that "non-production child pornography offenses have become almost exclusively Internet-enabled crimes."[1] United States Sentencing Commission, Executive Summary, REPORT TO THE CONGRESS: FEDERAL CHILD PORNOGRAPHY OFFENSES (Dec. 2012) ("2012 REPORT TO CONGRESS"), at ii. According to another study carried out by the Sentencing Commission using data from 2011, 97 percent of non-production child pornography cases involve a computer, 95 percent involve a victim under 12 years, 79 percent involve violent images, and 70 percent involved at least 600 images. See United States Sentencing Commission, Use of Guidelines and Specific Offense Characteristics, Fiscal Year 2011, 41–42.[2] See also Executive Summary, 2012 REPORT TO CONGRESS, xi (citing similar numbers—96.2 percent for use of a computer, 96.1 percent for a victim under 12, 74.2 percent for sado-masochistic images, and 96.9 percent for the calculation of image quantity—for the fiscal year 2010). Defendant received all of these enhancements. Yet, because these enhancements apply in the vast majority of cases, these enhancements, however justifiable in the abstract, do little to differentiate Defendant's conduct from other non-production cases.[3]

### B. THE 18 U.S.C. § 3553(A) FACTORS

Section 3553(a) requires this Court to consider factors in addition to the need for deterrence in order to arrive at a sentence "sufficient, but not greater than necessary" to comply with the purposes of §3553(a)(2). Section 3553(a) provides in the relevant subsections that

---

[1] Available at http://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Executive_Summary.pdf.

[2] Available at http://www.ussc.gov/Data_and_Statistics/Federal_Sentencing_Statistics/Guideline_Applicati on_Frequencies/2011/Use_of_Guidelines_and_Specific_Offense_Characteristics.pdf.

[3] The Sentencing Commission has noted that "as a result of recent changes in the computer and Internet technologies that typical non-production offenders use, the existing sentencing scheme in non-production cases no longer adequately distinguishes among offenders based on their level of culpability." Executive Summary, 2012 REPORT TO CONGRESS, at ii.

> The court, in determining the particular sentence to be imposed, shall consider--
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

### 1. History and Characteristics of the Defendant

The Court must consider the "history and characteristics of the defendant." Id § 3553(a)(1). Defendant is 26 years old, has an undergraduate degree, and was working as a legal assistant up until the time of his arrest for the instant offense. ECF No. 25, at 28. Defendant has struggled with symptoms of Autism Spectrum Disorder, ECF No. 29, at 1, and other mental health challenges, ECF No. 25, at 20–28. Defendant also submitted four letters from friends and a former co-worker attesting to his consideration, intelligence, and hard-working nature. ECF No. 32. Both Defendant's mother and friends expressed support for him.

### 2. The Need to Avoid Unwarranted Sentencing Disparities

Section 3553(a)(6) requires this Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The extensive disparities in sentences given for non-production child pornography offenses under USSG §2G2.2 has been well-documented by the Sentencing Commission and others. See Chapter 8: Examination of Sentencing Disparities in §2G2.2 Cases, 2012 REPORT TO CONGRESS;[4] Melissa Hamilton, Sentencing Adjudication: Lessons from Child

---

[4] Available at http://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Chapter_08.pdf

4

Pornography Policy Nullification, 30 GEOR. ST. U. L. REV. 375 (2013). In the 2010 fiscal year only 40 percent of non-production defendants received sentences within the guideline ranges. 2012 REPORT TO CONGRESS, at 213. In the 2012 fiscal year, 66 percent of sentences given were below the Guidelines range. Hamilton, at 386. The average sentence for non-production children pornography crimes in fiscal year 2011 was about 95 months. Id. at 447. The average for the Fourth Circuit was slightly higher, at 100.43 months. Id. at 449. Furthermore, in this District, in at least four similar cases in which defendants faced a Sentencing Guidelines range of 97 to 121 months, defendants received sentences ranging from 40 to 51 months. ECF No. 29, at 4–5. By contrast, Defendant's Guidelines range for the present offense was determined to be 135 to 168 months.

### C. ANALYSIS

After consideration of the Guidelines recommendation and the 18 U.S.C. §3553(a) factors, the Court determined that a downward variance from the Guidelines was warranted.

Defendant's offense was undoubtedly serious, and the need to deter similar conduct is great. The images and videos in Defendant's possession depict the most reprehensible abuse of children. With his possession of such material, Defendant supports the market for those who create this material.

Nonetheless, although Defendant's conduct was reprehensible, the Court determined that a sentence below the Guidelines range would be sufficient but not greater than necessary to comply with the need for a sentence as defined by 18 U.S.C. § 3553(a)(2). Defendant has successfully graduated from college, maintained steady employment, and supported his mother. He is still relatively young, and struggles with mental health issues. He has also accepted responsibility and expressed remorse for his actions.

Furthermore, Defendant is not a child molester; there is nothing to distinguish his case

5

from other non-production cases in which other district courts have downward departed. The average sentence for conduct similar to Defendant's, in this District, Circuit, and throughout the United States, is far below the bottom of the Guidelines-recommended sentence; a sentence within the Guidelines would create a sentencing disparity.

Defendant's characteristics, as well as the need to avoid unwarranted sentencing disparities, demonstrate to the Court that a sentence of 48 months is sufficient but not greater than necessary to provide adequate deterrence, just punishment, and an opportunity for correctional treatment to the Defendant. For these reasons, the Court imposed a sentence of 48 months, which this Court found to be sufficient but not greater than necessary to comply with the need for a sentence as defined by 18 U.S.C. § 3553(a)(2).

The Clerk is **DIRECTED** to forward a copy of this Opinion to all Counsel of Record.

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
November 14, 2016