IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**UNITED STATES OF AMERICA,**

v.                                                  **CRIMINAL NO. 2:16cr54-1**

**KITTRIDGE COFFEY,**

      **Defendant.**

## OPINION AND ORDER

This matter comes before the Court upon the Probation Officer's Petition to Modify Conditions ("Petition to Modify") of Kittridge Coffey's ("Defendant") supervised release. ECF No. 37. On September 8, 2020, Defendant consented to a Zoom hearing, waiving an in-person appearance, and the Court conducted proceedings via Zoom with all parties present. The Government agrees with the Probation Officer's Petition to Modify, and Defendant opposes the modification.

On April 4, 2016, Defendant appeared before this Court and pled guilty to Count Four of the criminal indictment charging him with Possession of Images of Minors Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). The Court sentenced Defendant to forty-eight (48) months of imprisonment and a fifteen (15) year term of supervised release. ECF No. 33. The Bureau of Prisons released Defendant from its custody on May 18, 2020.

On July 21, 2020, Probation filed the instant Petition to Modify requesting that the Court modify Defendant's special conditions of supervised release to: (1) to prevent Defendant from using or possessing a computer or other Internet-capable device with access to any online computer service at any location (including employment) without the prior permission of the Probation Officer; and (2) to compel Defendant to comply with the requirements of the computer

1

monitoring program as administered by the Probation Office. ECF No. 37 at 3.

The Court will modify the terms of Defendant's supervised release to require him to comply with the computer monitoring requirements and to consent to the installation of computer monitoring software on any computer to which he has access.

Upon consideration whereof, Probation's Petition to Modify is hereby **GRANTED**, ECF No. 37, and the conditions of Defendant's release, ECF No. 33, are hereby **MODIFIED** to include the following:

> 1) The defendant shall not possess or use a computer (including Internet-capable devices) with access to any on-line computer service at any location (including place of employment) without the prior written permission of the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private network or e-mail system.
>
> 2) The defendant shall comply with the requirements of the computer monitoring program as administered by the probation office. The defendant shall consent to the installation of computer monitoring software on any computer to which he has access. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software. The costs of the monitoring shall be paid by the defendant, not to exceed $1 per day.

ECF No. 37. All other conditions of Defendant's supervised release shall remain **IN FULL FORCE AND EFFECT**.

Defendant is **ADVISED** that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within 14 days from the date of this Order.

The Clerk is **DIRECTED** to forward a copy of this Order to Defendant, the assigned probation officer, and all Counsel of Record.

**IT IS SO ORDERED**.

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
September __, 2020